

ORDERED in the Southern District of Florida on May 10, 2022.

Laurel M. Isicoff
Chief United States Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

Michel Jarbath                                        CASE NO. 13-20120-LMI
                                                      Chapter 13

         Debtor.
_____/

**ORDER SETTING REQUIREMENTS FOR EVIDENTIARY HEARING
AND ESTABLISHING RELATED DEADLINES**

**THIS MATTER** came before the Court upon the Debtor's Motion [to] Enforce Discharge Order Pursuant to 11 U.S.C. §524(i) (ECF #90) (the "Motion") and related Response (ECF #93) filed by Nationstar Mortgage LLC d/b/a Champion Mortgage Company ("Nationstar"). The Court entered its Order Granting Debtor's Motion to Enforce Discharge Order (ECF #102) (the "Order") directing the Debtor to file a statement of damages setting forth the damages that he is seeking. The Order stated if Nationstar disputes the statement that

Page 1

the Court would set the matter for trial to determine the amount of damages to be awarded to the Debtor. The Debtor filed his Statement of Damages (ECF #104) (the "Damages Statement") and Nationstar filed an Objection (ECF #106). Accordingly, the Court ORDERS as follows:

1. **EVIDENTIARY HEARING; SERVICE**. The Court will hold an evidentiary hearing on the Motion on **July 11, 2022 commencing at 9:30 a.m.** before the Honorable Laurel M. Isicoff at the United States Bankruptcy Court, 301 N. Miami Avenue, Courtroom 8, Miami, Florida 33128. The Court has reserved one day for this matter. The Debtor shall serve a copy of this order on all appropriate parties and file a certificate of service thereof as required by this Court's local rules.

    Although the Court will conduct the hearing in person, any interested party who is not participating in the presentation of evidence (except by unopposed proffer) may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than **4:00 p.m., one business day before the date of the hearing**. To register, click the link below or manually enter the link in a browser:

    https://www.zoomgov.com/meeting/register/vJItfuqurDsoEnWyiKeoSfMa3m888k3mfBM

    Zoom will provide a password-protected link for the appropriate video conference to those who register to participate and who have been approved by the Court.

    All participants (whether attending in person or remotely) must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

2. **PUBLIC ACCESS**. The evidentiary hearing scheduled by this order is a public matter. Although usually the public may only attend a live hearing, because the number of persons in the courtroom continues to be limited, the general public is invited to listen to the

hearing by telephone. Any person wishing to listen to the hearing by telephone may register using the Zoom link and mark "listen only" on the registration page.

3. **RECORDING PROHIBITED; OFFICIAL RECORD**.  No person may record the proceedings from any location by any means.  The audio recording created and maintained by the Court shall be the sole basis for creation of a transcript that constitutes the official record of the evidentiary hearing.

4. **MEDIATION**.  Pursuant to Local Rule 9019-2, the Court may order the assignment of this contested matter to mediation or judicial settlement conference at any time, upon the request of a party or *sua sponte.*

5. **DISCOVERY**.  All discovery must be completed not later than **seven days** before the evidentiary hearing.  The Court will allow discovery after that date only upon a showing of good cause. All expert reports shall be exchanged no later than the conclusion of discovery, unless the parties agree otherwise. The time for responding to interrogatories, requests for admission or requests for production is shortened to fourteen (14) days from service of the discovery.

6. **WITNESS LISTS.**  No later than **4:00 p.m. four business days before the evidentiary hearing,** all parties must exchange and file with the Court witness lists identifying all fact and expert witnesses each party intends to call at the evidentiary hearing (other than rebuttal or impeachment witnesses).

7. **SUBMISSION AND EXCHANGE OF EXHIBITS.** No later than **4:00 p.m. four business days before the evidentiary hearing**, the parties must submit and exchange all exhibits pursuant to the requirements of Local Rule 9070-1, **which requires all parties to upload exhibits through CM/ECF, with some exceptions where any party is not represented by counsel**.

If any party intends to offer in evidence at the evidentiary hearing a summary, chart or calculation to prove content as permitted by Federal Rule of Evidence 1006, that party must provide to the other parties a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties. **More voluminous documents may require earlier notice of intent to use a summary.**

8. **OBJECTIONS TO EXHIBITS**. All objections to exhibits must comply with Local Rule 9070-1 and must be filed and served, so as to be received no later than **4:00 p.m. two business days before the evidentiary hearing**. The parties must meet and confer (by telephone or video conference) to resolve, to the extent possible, any objections to exhibits. Any unresolved objections (other than objections to relevancy) will be addressed at the beginning of the evidentiary hearing.

9. **JOINT STIPULATION WHERE ALL PARTIES REPRESENTED BY COUNSEL**. (*If any party is not represented by counsel in this proceeding as of the date of entry of this Order, this paragraph will not apply.*) All parties to this proceeding must meet and confer (in person, if geographically feasible, and otherwise by video conference or by telephone) not later than **seven days** prior to the hearing and prepare a written stipulation substantially in the form of Local Form 63C setting forth the following: (a) undisputed facts; (b) disputed facts to be litigated; and (c) issues of law to be litigated. The stipulation must be signed by the attorneys for all parties. The fully executed joint stipulation must be filed no later than **4:00 p.m. one business day before the evidentiary hearing**. The Court will not accept unilateral statements and will *sua sponte* strike any such submission. Should any of the parties fail to cooperate in the preparation of the joint stipulation, any other party may file a motion requesting an order to show cause why such party or parties (and/or their counsel) should not be held in contempt and sanctioned for failure to comply with this order.

10. **REMOTE WITNESS TESTIMONY**. In accordance with Federal Rule of Civil Procedure 43(a) (made applicable by Federal Rule of Bankruptcy Procedure 9017), for good cause and in compelling circumstances a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. If a party wishing to present witness testimony seeks to have the witness appear remotely, the party must file a motion pursuant to Fed. R. Bank. P. 9017 no later than **21 days prior to the evidentiary hearing**. The motion must include the following:

    A. The particular reason why the witness must appear remotely.

    B. Her or his name and title (if applicable).

    C. Matter(s) on which the remote witness will provide testimony.

    D.    The city, state, and country where the remote witness will be located while testifying.

    E.    The type of place from which the remote witness will testify, such as a home or an office. No addresses are required.

    F.    Whether anyone will be in the room with the remote witness during the testimony and, if so, for each such person, the person's name, title, relationship to the remote witness, and purpose for being present with the witness.

    G.    Whether the remote witness will have access to any documents other than exhibits that have been provided to the Court and the parties and, if so, identifying each such document.

If the remote witness cannot testify from the office of someone who can administer the oath, the Court will administer the oath to each remote witness during the video conference and witness testimony will have the same effect and be binding upon each remote witness in the same manner as if such remote witness was sworn in by the Court in person in open court.

11.    **RESPONSIBILITY FOR REMOTE WITNESSES**. The party sponsoring each remote witness shall be responsible for ensuring that the remote witness has registered for the video conference, has obtained all exhibits prior to the hearing, has registered with Zoom, and has equipment and internet service sufficient to permit participation in the evidentiary hearing.

12.    **DIRECT TESTIMONY BY DECLARATION**. At each party's option, *except in a contested matter where a party is self-represented*, the direct testimony of any witness, except an adverse, hostile, or rebuttal witness, may be presented by sworn declaration consisting of a succinct written statement of the direct testimony that the witness would be prepared to give if questions were propounded in the usual fashion at the hearing. If a party offers a sworn declaration in lieu of direct testimony:

    A.    The statement shall substantially conform to Local Form 63B and shall be signed by the declarant under penalty of perjury;

    B.    Each statement of fact shall be separate, shall be sequentially numbered, and shall contain only facts that are relevant and material to the contested issue before the Court, avoiding

      redundancies, hearsay, and other obviously objectionable statements;

C.     The statement may be referenced as the witness' "sworn declaration of fact";

D.     The **original** sworn declaration of fact shall be marked as a proposed exhibit and filed and delivered as otherwise required by this Order;

E.     Objections to any portion of a sworn declaration of fact may be raised at the time the sworn declaration of fact is offered to the Court. The witness shall then be sworn in and asked if the sworn declaration of fact correctly reflects the testimony that would be given if the witness was asked the appropriate questions. Opposing counsel may then cross-examine the witness. At the conclusion of cross-examination, the party whose witness is on the stand may conduct redirect examination in the usual manner; and

F.     The Court may require that direct testimony be provided in the usual manner during the hearing even if a sworn declaration of fact is offered.

13. **CONDUCT DURING EVIDENTIARY HEARING**. Other than the attorneys questioning a witness on direct examination or cross-examination, no person shall communicate with a witness during his or her testimony unless specifically authorized by the Court.

14. **COURTROOM TECHNOLOGY.** Parties are encouraged to use the technology available in the courtroom. Contact IT Services at FLSBml_IT_Services@flsb.uscourts.gov to arrange an opportunity to test your presentation on the courtroom equipment **prior** to the evidentiary hearing.

15. **FINAL ARGUMENT**. At the conclusion of the evidentiary hearing, in lieu of final argument, the Court may request that each party file with the Court (a) a written closing statement with supporting legal argument or (b) a proposed memorandum opinion with findings of fact and conclusions of law with a separate proposed final judgment. Each submission must contain individually numbered paragraphs and follow the formatting requirements set forth in Part Two of the Court's Guidelines for Preparing, Submitting, and Serving Orders. Each proposed finding of fact must be supported by a citation to the record, or it will be disregarded. Each proposed conclusion of law must be supported by a citation to applicable law, or it will be

disregarded. Absent prior permission of the Court, submissions may not exceed a total of **twenty pages**. If specifically requested, the Court may *also* direct the parties to submit a copy of the proposed memorandum opinion with findings of fact and conclusions of law, along with a copy of the separate proposed final judgment, in word processing format to an electronic mailbox designated by the Court. The filer must include in the "subject" line of the email the case name and number and the date of the relevant hearing.

16. **SETTLEMENT**. If the contested matter is settled, the parties shall submit to the Court a stipulation approved by all parties and a motion for approval of the same prior to the date of the evidentiary hearing. If a stipulation and motion are not submitted to the Court, all parties shall be prepared to proceed with the evidentiary hearing. If the contested matter is removed from the calendar based upon the announcement of a settlement, the contested matter will not be reset for hearing if the parties fail to consummate the settlement. In such event, the Court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that the Court did not approve the settlement, in which case the matter will be reset for hearing at a later date.

17. **SANCTIONS**. Failure to appear at the evidentiary hearing or to comply with any provision of this order may result in appropriate sanctions, including the award of attorney's fees, striking of papers, exclusion of exhibits or witnesses, or the granting or denial of the Motion.

18. **CONTINUANCES**. Continuances of the evidentiary hearing or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order must set forth the status of discovery, including exchange of disclosures required under this order, must state the reasons why the party or parties seek a continuance, and must state whether the client and other parties consent to a continuance. The stipulation of all parties is not sufficient grounds, standing alone, for a continuance.

###

Copy to:
Matthew Bayard, Esq.
April Harriott, Esq.