*Tagged Opinion*
*Do not publish*



**ORDERED in the Southern District of Florida on August 8, 2022.**

**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

MICHEL JARBATH                               Case No: 13-20120-LMI
                                             Chapter 13

  Debtor.
_____/

## ORDER ON DAMAGES

This matter came before the Court for trial on July 11, 2022 (the "Damages Trial"), to determine the amount of damages to be awarded to the Debtor Michel Jarbath (the "Debtor") in connection with the Court's previous ruling that the Creditor, Nationstar Mortgage LLC d/b/a Champion Mortgage Co. (the "Creditor") violated the discharge injunction of 11 U.S.C. §524 (the "Discharge Injunction"). The Court has considered the evidence presented at trial, including the testimony of Debtor, the stipulated facts as they appear in the *Joint Pretrial*

*Stipulation* (ECF #114), as well as the docket and all pleadings associated with the Damages Trial. For the reasons outlined below, the Court finds that the Debtor is entitled to compensatory damages for emotional distress, reasonable attorney's fees and costs, punitive damages, and injunctive relief in the amount and subject to the terms and findings of this Order.[1]

The unrebutted factual allegations from various pleadings reveal that the Debtor filed for bankruptcy on April 30, 2013. At the time the case was filed, the Debtor was in default of a loan (the "Loan") with the Creditor which Loan is secured by a reverse mortgage (the "Mortgage").  During the course of the bankruptcy, the Debtor cured the pre-petition default on the Mortgage and continued (with some problems that were addressed during the case) to pay the tax and insurance obligations that accrued post-petition. The Debtor completed all plan payments, the chapter 13 trustee issued a Report of Compliance (ECF #74) stating that the Debtor was current on all payments, and on September 24, 2018 issued her Notice of Plan Completion (ECF #75).  No party in interest, including the Creditor, contested any of these filings.  Consequently, an Order of Discharge was entered in this case on July 17, 2019 (ECF #84) (the "Discharge Order").

On October 23, 2019, the Creditor sent a Notice of Default[2] to the Debtor which stated that the Loan went into default on January 3, 2012. Subsequently,

---

[1] The following constitute the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52 made applicable to this contested matter pursuant Fed. R. Bankr. P. 7052.
[2] The Notice of Default is attached as Exhibit A to the Debtor's *Motion to Enforce Discharge Order Pursuant to 11 USC § 524(i)* (ECF #90).

2

Debtor's counsel sent a letter to the Creditor (the "Dispute Letter")[3] on November 6, 2019, disputing the default and demanding verification. The Dispute Letter stated that the Debtor filed a chapter 13 bankruptcy on April 30, 2013, in order to pay all outstanding insurance and tax advances owed as of the filing date. The Dispute Letter stated that any pre-petition default which occurred on or before January of 2012 had been cured through Debtor's confirmed plan, and therefore, was discharged.

On February 2, 2020 the Creditor filed an action in Florida state court to foreclose the Mortgage that secures the Loan (the "Foreclosure Action")[4]. The Foreclosure Action complaint alleges that "The Loan went into default and was called due and payable by HUD on January 3, 2012." The Foreclosure Action filed against the Debtor was ultimately voluntarily dismissed by the Creditor on June 7, 2022, over two years later.

The Court previously entered an *Order Granting Debtor's Motion to Enforce Discharge Order* (ECF #102) (the "Sanctions Order") finding that the Creditor willfully violated the Discharge Injunction and the Court's Discharge Order by (i) delivering the Notice of Default to the Debtor seeking to recover pre-petition discharged debt, and (ii) instituting the subsequent Foreclosure Action against the Debtor, again seeking to recover pre-petition, discharged debt. The Court further found that the Debtor was entitled to recover damages from the Creditor due to the Creditor's willful violations of the Discharge Injunction. This Order

---

[3] The Dispute Letter is attached as Exhibit B to the Debtor's *Motion to Enforce Discharge Order Pursuant to 11 USC § 524(i)* (ECF #90).
[4] The Foreclosure Action complaint is attached as Exhibit C to the Debtor's *Motion to Enforce Discharge Order Pursuant to 11 USC § 524(i)* (ECF #90).

3

addresses the Debtor's request for emotional distress damages, punitive damages, reasonable attorney's fees, and injunctive relief.

**Emotional Distress Damages**

The Debtor claims in his statement of damages (ECF #104) (the "Damages Statement") that he has suffered damages arising from emotional distress for which he seeks compensation. To recover damages for emotional distress, "a plaintiff must (1) suffer significant emotional distress, (2) clearly establish the significant emotional distress, and (3) demonstrate a causal connection between that significant emotional distress and the violation of the [discharge injunction]." *In re McLean,* 794 F.3d 1313, 1325-26 (11th Cir. 2015). The Debtor seeks damages of $250 a month for the 19 months that the Debtor argues the violations continued (from the date of the Notice of Default until the Foreclosure Action was dismissed). At the Damages Trial, the Creditor conceded that the Debtor is entitled to emotional damages but argued the amount should be calculated based on $100 a month.

The Debtor testified he wasn't worried about the Notice of Default once he referred the Notice of Default to his counsel. Therefore, there is no basis to award emotional distress damages before the Foreclosure Action was filed. The Court finds that the Debtor is entitled to emotional distress damages in the amount of $100 a month from the date the Foreclosure Action was filed in February 2020 until the date the Foreclosure Action was dismissed in June 2022. Accordingly, the Debtor is entitled to emotional distress damages in the amount of $1,600.00.

**Punitive Damages**

The calculation of punitive damages is subject to the discretion of the Court. As the Court wrote in *In re Lyubarsky*:

> Punitive sanctions are appropriate when a party acts with "reckless or callous disregard for the law or rights of others." *Parker v. Credit Central South, Inc.*, 634 Fed. Appx. At 773 (internal citations omitted). "The imposition of punitive damages . . . is appropriate when the violator acts in an egregious intentional manner. . . where a violator's acts are egregious, malicious or accompanied by bad faith." *In re Roche*, 361 B.R. 615, 624 (Bankr. N.D. Ga. 2005).
>
> "Courts in the Eleventh Circuit have used five factors in determining whether an award of punitive damages is proper: "(1) the nature of the [defendant]'s conduct; (2) the nature and extent of the harm to the plaintiff; (3) the [defendant]'s ability to pay; (4) the motives of the defendant; and (5) any provocation by the debtor." *In re Harrison*, 599 B.R. 173, 182 (Bankr. N.D. Fla. 2019); *In re Roche*, 361 B.R. at 624. . . .
>
> In determining the *amount* of punitive damages, "[a]n award of punitive damages should be gauged by the gravity of the offense and set at a level sufficient to insure that it will *punish and deter*." *In re Novak*, 223 B.R. 363, 368 (Bankr. M.D. Fla. 1997) (emphasis added). *See, e.g., In re Campbell*, 553 B.R. 448, 557 (Bankr. M.D. Ala. 2016)(awarding $50,000.00 in punitive damages where the Court determined "that such an amount is necessary to deter [the party] from engaging in such conduct in the future."); *In re Brodgen*, 588 B.R. 625 (Bankr. M.D. Fla. 2018)(awarding punitive damages that doubled actual damages, exclusive of attorney's fees; the court found that even if the punitive damages were insufficient to deter future behavior, that the amount was "not insignificant"); *In re Harrison*, 599 B.R. at 191(awarding punitive damages against parties, the court multiplied actual damages by factors of 2 and 3.375 in an effort to deter future behavior). The amount of punitive damages "[is] largely left to the discretion of the bankruptcy court." *In re Lansaw*, 853 F.3d at 670.

*In re Lyubarksy*, 615 B.R. 924, 937-38 (Bankr. S.D. Fla. 2020).

In the Sanctions Order, the Court already found that the Creditor's violation of the Discharge Order was willful. *See Taggart v. Lorenzen*, 139 S. Ct. 1795, 1804 (2019) ("the proper standard [for civil contempt] is an objective one. A court may hold a creditor in civil contempt for violating a discharge order where there is not a 'fair ground of doubt' as to whether the creditor's conduct might be lawful under the discharge order."). As the bankruptcy docket illustrates, the Creditor was an active participant in the bankruptcy case and was aware of the documents and pleadings filed in the case. The evidence presented at the Damages Trial supports the Debtor's argument that the Creditor was reminded post-petition of the discharge of the pre-petition obligations. The Dispute Letter put the Creditor on notice that the bankruptcy filing cured any of the Debtor's pre-petition defaults. Despite receipt of the Dispute Letter, the Creditor commenced the Foreclosure Action in February of 2020, seeking recovery of the discharged debt. At trial, counsel for the Creditor argued that there were post-discharge defaults that supported the relief sought in the Foreclosure Action. However, neither the Notice of Default nor the Foreclosure Action mentioned any post-discharge defaults. Moreover, the Foreclosure Action lasted for two years, and the Creditor did not amend the complaint to add the alleged post-discharge defaults, nor did the Creditor dismiss the Foreclosure Action, even after the answer was eventually filed. The Creditor did not voluntarily dismiss the Foreclosure Action until June of 2022, several months after the answer was filed.[5]

---

[5] The Creditor argued at trial that there was a moratorium on foreclosure actions, which is why the Creditor did not take any action for over two years. The moratorium did not prevent the Creditor from amending or dismissing the complaint.

The Court finds it appropriate for punitive damages to be assessed against the Creditor due to its willful violation of the Discharge Order as there is "no fair ground of doubt" as to whether the Creditor's conduct might be lawful under the Discharge Order. The Court finds that the Debtor is entitled to punitive damages based on a multiplier of two of the Debtor's emotional distress damages. The Court finds that the Creditor knowingly violated the Discharge Injunction, twice, and compounded the issue by failing to dismiss the Foreclosure Action for almost two and a half years. The Debtor's emotional distress damages is $1,600.00. Therefore, the Debtor is entitled to a $3,200.00 punitive damage award.

**Attorney's Fees**

The reasonableness of the fees requested by the Debtor is measured in accordance with the criteria set forth in *Johnson v. Georgia Highway Exp.,* 488 F.2d 714 (5th Cir. 1974) as reaffirmed in *Norman v. Housing Authority of the City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988). *Lyubarksy,* 615 B.R. at 934.[6] Those factors are (i) the time and labor involved; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the legal service properly; (iv) the preclusion of other employment by the attorney due to acceptance of the case; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation, and ability of the

---

[6] "The criteria for determining the reasonableness of the fees requested is not 11 U.S.C. §330 because the Debtors' professionals were not retained pursuant to 11 U.S.C. §327. . . . Fed. R. Bankr. P. 2016 and this Court's *Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases* are also inapplicable." *Id.*

attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases.

As stated in the Debtor's Damages Statement, Debtor's counsel seeks to recover a total of $33,722.50 in reasonable attorney's fees for the time expended enforcing the Discharge Order. The attorney's fees requested are categorized as: (i) the time that Debtor's counsel spent enforcing the Discharge Order in this bankruptcy case (the "Bankruptcy Fees") and (ii) the time Debtor's counsel spent representing the Debtor in the Foreclosure Action (the "Foreclosure Fees"). The Bankruptcy Fees requested is $18,760.00. This calculation represents 46.9 hours spent seeking to enforce the Discharge Order at the rate of $400 per hour. The Foreclosure Fees requested is $14,962.50 for 39.9 hours spent representing the Debtor in the Foreclosure Action at a rate of $375 per hour. The Creditor objected to the fees requested (the "Objection")[7] on the basis that Debtor's counsel did not show that $400 per hour or $375 per hour are the standard rates charged by counsel.[8]

The Court has reviewed the fee requests and Debtor's counsel's time records (ECF #109, Exs. 5-6) (the "Time Records") and evaluated the arguments presented at trial.[9] The Court has determined that the hourly rates of $375 for the Foreclosure Fees and $400 for the Bankruptcy Fees are a reasonable rate

---

[7] *Preliminary Objection to Debtor's Statement of Damages* (ECF #106).

[8] Although Legal Services of Greater Miami represented the Debtor pro bono, pro bono providers are entitled to reasonable attorney's fees when authorized by applicable contract or law. *Lyubarsky*, 615 B.R. at 935.

[9] As the Court has repeatedly advised parties who appear before her, the Court has 37 years of experience in the bankruptcy arena-over 20 years as a practitioner and over 16 years as a judge. The Court does not require an expert to advise the Court on the issue of the reasonableness of attorney fees in a bankruptcy proceeding.

8

based on the level of experience of the attorney. However, the Court finds that the amount of hours requested by counsel is excessive and has made reductions accordingly. Counsel is awarded $12,440.00 for the Bankruptcy Fees and $7,912.50 for the Foreclosure Fees for a total award of $20,352.50.[10]

**Injunctive Relief**

11 U.S.C. §524 expressly authorizes injunctive relief when a party violates a discharge injunction. The Debtor requested that the Court enjoin the Creditor from taking any action against him with respect to the pre-discharge defaults. The Court grants the injunctive relief requested. Post-discharge defaults may be pursued by the Creditor in accordance with the Loan document provisions and applicable law.

## CONCLUSION

Based on the foregoing it is ORDERED as follows:

1. The Debtor is entitled to emotional distress damages in the amount of $1,600.00, which amount shall be paid to the Debtor in care of his counsel.

2. The Debtor is entitled to punitive damages in the amount of $3,200.00, which amount shall be paid to the Debtor in care of his counsel.

3. The Debtor is entitled to an attorney fee award in the amount of $20,352.50 which amount shall be paid to Legal Services of Greater Miami, Inc.

4. The Creditor is enjoined from taking any action relating to pre-discharge defaults.

---

[10] The Court has deducted 15.8 hours ($6,320.00) from the requested Bankruptcy Fees based on duplicative entries and interoffice conferences with no description of purpose. The Court has deducted 18.8 hours ($7,050.00) from the requested Foreclosure Fees based on clear duplicative entries and excessive billing in addition to interoffice conferences with no description of purpose.

5. The Debtor will be entitled to prepare final judgments in these amounts that can be recorded in the public records of Miami-Dade County and otherwise, as required by Florida law, if the amounts in this Order, including the attorney fees, are not paid within 30 days from the entry of this Order.

# # #

Copies furnished to:
Matthew Bayard, Esq.
April Harriott, Esq.

*Attorney Bayard is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*